# ! IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LARYIE EARL JONES, | : | |
| Petitioner, | : | |
| vs. | : | CA 20-0290-TFM-MU |
| HUEY HOSS MACK, | : | |
| Respondent. | | |

## REPORT AND RECOMMENDATION

Laryie Earl Jones, a state pretrial detainee housed in the Baldwin County Jail, has filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 (*see* Doc. 7). This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R). It is recommended that Jones' petition be **DISMISSED** without prejudice to afford him an opportunity to exhaust all available state remedies.

## PROCEDURAL/FACTUAL HISTORY

Jones was indicted on a charge of first-degree theft of property, *see* Ala.Code § 13A-8-3, during the January, 2018 session of the Baldwin County Grand Jury. (*See* Doc. 28-2, PageID. 107).[1] Bail was fixed on the face of the Indictment at $7,500 on February 9, 2018 (Doc. 28-2, Page ID. 107-08) and, based on the Indictment, a warrant

---

[1] The face of the indictment charges that Jones did knowingly obtain or exert unauthorized control over various tools, which were the property of Kennith Moore, having an aggregate value exceeding $2,500.00, with the intent to deprive Moore of that property. (*See id.*).

issued for Jones' arrest on February 20, 2018 (Doc. 28-3, PageID. 110-11). The warrant of arrest was executed on October 16, 2018 in Baldwin County, Alabama and Jones was placed in jail. (Doc. 28-3, PageID. 112). Following Jones' initial appearance in Court on October 19, 2018, the trial court ordered that "[t]he previous bond amount and conditions imposed in the Indictment and prior bond orders are to remain in effect." (Doc. 28-4, PageID. 113).

On or about October 23, 2018, Jones filed a *pro se* motion to dismiss the indictment (Doc. 28-5, PageID. 114); this motion was denied (Doc. 28-6, PageID. 116). On November 1, 2018, Jones filed a *pro se* motion to dismiss with prejudice (Doc. 28-7, PageID. 117); this motion, too, was denied (Doc. 28-8, PageID. 119).

On November 8, 2018, Mitzi Johnson-Theodore was appointed to represent Jones. (Doc. 28-9, PageID. 120). On December 7, 2018, Jones' physical presence at arraignment was waived, a plea of not guilty was entered, and trial was set for August 5, 2019. (*See* Doc. 28-1, PageID. 101).

On or about January 8, 2019, Jones filed a *pro se* motion to remove his appointed attorney (Doc. 28-10, PageID. 121); this motion was denied by the trial judge on January 10, 2019 (Doc. 28-11, PageID. 122).

On January 25, 2019, Jones' attorney filed a motion seeking a signature bond for her client. (Doc. 28-12, PageID. 123-24). The trial court construed the motion as a motion to amend the bond and granted same on February 5, 2019 (after noting the State filed no response) to allow Jones to sign his own bond in the amount of $7,500. (Doc . 28-13, PageID. 125). Upon execution of the signature bond, Jones was released from jail. (*See* Doc. 28-1, PageID. 101).

Jones' bond was revoked on June 10, 2019, due to his failure to appear at a Docket Call (Doc. 28-14, PageID. 126; *see id.* ("[I]t is hereby **ORDERED** that an alias warrant and conditional bond forfeiture shall be issued. Bond is set at **NO BOND**.")) and an alias warrant issued for Jones' arrest on June 12, 2019 (Doc. 28-15, PageID. 127). The arrest warrant was executed on Jones almost seven (7) months later on January 7, 2020. (*Id.*). Some two weeks later, on January 21, 2020, Jones' attorney sought to re-instate bond (Doc. 28-16, PageID. 128-29; *see also id.* at 130-31). The State opposed Jones' motion principally on the bases that Jones "was late for docket call [on June 10, 2019][2] and then subsequently failed to appear for his trial setting in August of 2019." (Doc. 28-17, PageID. 132). By order dated January 26, 2020, the trial court denied Jones' bond motion. (Doc. 28-18, PageID. 134).

The first three months after Jones' bond motion was denied, Petitioner filed *pro se* motions. (*See* Doc. 28-1, PageID. 103). On or about February 28, 2020, Jones filed a motion for dismissal (Doc. 28-19, PageID. 135-37), on March 31, 2010, he filed a motion for speedy trial (Doc. 28-20, PageID. 138-39), and on April 2, 2020, he filed a motion to dismiss the indictment (Doc. 28-21, PageID. 140-44). Of these three *pro se* motions, not one was ruled upon by the trial court, undoubtedly because Jones was represented by counsel; instead, these motions were forwarded via email to Jones' appointed attorney. (*See* Doc. 28-1, PageID. 103).

---

[2] It is clear that Jones did not appear for the Docket Call until after the trial judge left the bench; therefore, the Court was not incorrect in revoking Jones' bond and issuing a warrant for his arrest on the basis of his failure to appear before the court.

Jones first initiated the present collateral attack in this Court on May 26, 2020 (Doc. 1). He then filed his amended petition, as ordered (*see* Doc. 5), on this Court's form for a petition under 28 U.S.C. § 2241 on June 22, 2020 (Doc. 7)

On August 10, 2020, Jones filed a *pro se* motion for writ of mandamus in the Alabama Court of Criminal Appeals. (*Compare* Doc. 28-22, PageID. 142-43 *with* Doc. 28-23, PageID. 147). To date, there is nothing to show that Alabama's criminal appellate court has ruled on the mandamus petition. Moreover, though Jones' case was set to go to trial on September 21, 2020 (*see* Doc. 28-1, PageID. 103), it is unclear whether a disposition of Jones' case took place on this date.

In his § 2241 petition, Jones attempts to raise the following claims: (1) since January 7, 2020, he has been detained without either a warrant being issued for his arrest or a probable cause hearing being held within forty-eight (48) hours of his warrantless arrest;[3] (2) his initial arrest on the first-degree theft of property charge on October 16, 2018 was without probable cause or an arrest warrant, thereby denying him due process of law because "they arrested the wrong m[a]n, [and] there [is] no evidence to support the charge[;]" and (3) the indictment against him must be dismissed because it fails to charge and offense and because he has been denied of his constitutional right to a speedy trial. (*See* Doc. 7, PageID. 33-35).

Since the filing of his § 2241 habeas corpus petition, Jones has filed numerous motions seeking his release from state custody pending a decision by this Court. (*See* Docs. 14, 16, 20, 22, 24, 26 & 27). The undersigned denied Petitioner's first four

---

[3] Jones appears to blame his appointed counsel for the revocation of his signature bond. (*See* Doc. 7, PageID. 34).

4

motions (*see* Docs. 15, 18, 21 & 23), instructed the Respondent to respond to Jones' fifth motion (*see* Doc. 25),[4] and has not yet ruled on Petitioner's fifth, sixth or seventh motion (*see* Docs. 24, 26 & 27). The undersigned now **RECOMMENDS** that the Court **DENY** Jones' pending motions for release (Docs. 24, 26 & 27) based upon the record of proceedings in the Baldwin County Circuit Court and Petitioner having failed to establish either that he has exhausted all of his state remedies regarding his bond revocation claim, that the trial court's revocation of his bond and refusal to reinstate bond was without basis, or that authority exits for this Court to grant him release on bond when a state trial court has revoked his bond while he awaits trial on state criminal charges.

Moreover, as the record evidence establishes, Jones is simply wrong in arguing that he is being held based on a warrantless arrest without probable cause. Indeed, the record demonstrates that Jones was twice arrested on the basis of alias warrants that issued for his arrest; on October 16, 2018, he was arrested based on a warrant that issued following his indictment on a felony charge of first-degree theft of property and he was a arrested a second time, after his release on a signature bond, on January 21, 2020, on the basis of the issuance of an alias warrant of arrest following his failure to appear at a Docket Call. In short, Jones' pending motions (Docs. 24, 26 & 27), like his previous motions (*see* Docs. 14, 16, 20 & 22) that were denied (*see* Docs. 15, 18, 21 & 23), are untethered to the record evidence in this case and, therefore, should be denied.

---

[4]   Jones was extended the opportunity to file a reply to the Respondent's Answer (*see* Doc. 25); however, the Petitioner failed to file a timely reply by September 28, 2020 (*compare d. with* Docket Sheet).

## **CONCLUSIONS OF LAW**

Provided two requirements are satisfied, a state pretrial detainee like Jones can raise constitutional claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *See, e.g., Robinson v. Hughes,* 2012 WL 255759, *2 (M.D. Ala. Jan. 5, 2012), *report and recommendation adopted*, 2012 WL 253975 (M.D. Ala. Jan. 27, 2012). First, the petitioner must be "in custody," albeit "not pursuant to the final judgment of a state court[,]" *id.*, citing *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987); 28 U.S.C. § 2241(c), and, second, he "must have exhausted his available state remedies." *Id.*; *see Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488-489 & n.4, 93 S.Ct. 1123, 1126-1127 & n.4, 35 L.Ed.2d 443 (1973) (finding petitioner had satisfied § 2241(c)(3)'s "in custody" requirement and that he had exhausted "all available state remedies as a prelude to this action.").

Here, Jones is incarcerated in the Baldwin County Jail awaiting trial on a charge of first-degree theft of property, in violation of Ala.Code § 13A-8-3,[5] arising in Baldwin County, Alabama. Therefore, he satisfies the "in custody" requirement for purposes of § 2241.

Turning to the second requirement, the United States Supreme Court in *Braden, supra,* certainly gave every indication that a petitioner must exhaust all available state

---

[5] Section 13A-8-3 of the Alabama Code "provides that theft of property exceeding $2,500 in value constitutes first-degree theft of property, a Class B felony." *Bush v. Frazier,* 2019 WL 3305145, *2 (N.D. Ala. July 23, 2019). Although a Class B felony has a sentencing range of 2 to 20 years' imprisonment, *see* Ala.Code § 13A-5-6(a)(2), this Court can take judicial notice of the fact that Jones likely faces a lengthier sentence in accordance with Alabama's Habitual Felony Offender Act, Ala.Code § 13A-5-9, given his prior felony drug possession convictions out of Covington County, Alabama, *see Jones v. Mack,* CA No. 19-00022-TFM-MU, Docs. 1 & 4.

remedies under an action brought pursuant to § 2241. *See* 410 U.S. at 485-489, 93 S.Ct. at 1125-1127. "Although the statutory language of 28 U.S.C. § 2241 itself does not contain an exhaustion requirement, this circuit has determined that the requirements of 28 U.S.C. § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Robinson, supra,* at *2 n.3 (citations omitted); *see also Skaggs v. Morgan,* 2012 WL 684801, *3 (N.D. Fla. Jan. 31, 2012) ("Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."), *report and recommendation adopted,* 2012 WL 684766 (N.D. Fla. Mar. 2, 2012).

A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by

7

invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732; see *Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'"*Id*. (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of § 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state

court."); *Morales v. Shannon*, 2007 WL 1877977, *3 (E.D. Pa. June 27, 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); *United States ex rel. Quezada v. Uchtman*, 2006 WL 3341200, *2 (N.D. Ill. Nov. 16, 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings.").

The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under *Fay v. Noia*, the federal trial court has broad discretion to

hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

In this case, Jones certainly has not exhausted his claims (*compare* Doc. 7 *with* Doc. 28) in the Alabama Supreme Court nor has he established any basis for this Court to excuse the exhaustion requirement. In particular, under the facts alleged by Jones, the state courts of Alabama offer "adequate and effective state procedures for review" of the Petitioner's claims. For instance, a petition for writ of habeas corpus is the proper vehicle by which to challenge the revocation of bond/bail, *see Ex parte Barnes,* 2020 WL 3023108, *4 (Ala. June 5, 2020) (recognizing that the proper vehicle to challenge an order revoking bond/bail is via a petition for writ of habeas corpus), a void indictment, *see Ex parte Mitchell,* 936 So.2d 1094, 1095 (Ala.Crim.App. 2006) ("[T]he proper vehicle by which to challenge a void indictment [e.g., where the indictment charges no offense] is by way of a petition for writ of habeas corpus."), or the denial of an individual's constitutional right to a speedy trial, *see Williams v. State,* 511 So.2d 265, 267 (Ala.Crim.App. 1987) ("One whose constitutional right to a speedy trial is violated may be granted relief by habeas corpus where his motion for discharge is denied and no other remedy is available.").[6] There is no indication that Jones has moved (through his court-appointed attorney) to dismiss the indictment in a direct attack or sought to dismiss his state criminal proceedings on speedy trial grounds nor is there any indication that Jones has sought relief on void indictment/speedy trial grounds via a

---

[6] As to his cursory claims that he has twice been arrested in this matter without a warrant and no probable cause hearing held, the procedural history of this case, as reflected above, refutes Jones' allegations. Indeed, the relevant evidence reflects that Jones was twice arrested based on the issuance of alias warrants for his arrest. Accordingly, Petitioner's "claims" in this regard are baseless.

petition for writ of habeas corpus.[7] And while Jones appears to suggest that this Court should excuse the exhaustion requirement in his case on the basis that he has been trying to file motions for relief in the Baldwin County Circuit Court but that court will not entertain his pleadings (*see, e.g.,* Doc. 24, PageID. 76), this conclusory argument need fail because all of the pleadings about which Jones makes reference were forwarded to Jones' court-appointed attorney who then failed to follow-up with similar motions filed on the Petitioner's behalf. In other words, because Petitioner has not shown that the Baldwin County Circuit Court will not entertain pleadings filed by defense counsel similar to those filed by Jones *pro se* (which were then forwarded to defense counsel), he cannot establish any basis for this Court to excuse the exhaustion requirement. Thus, because Petitioner has failed to exhaust his claims in state court, he is not entitled to relief pursuant to § 2241.

In addition to the foregoing,

> under principles of comity and federalism, a federal court should abstain from intervening in a state criminal prosecution until all state criminal proceedings are completed and a petitioner exhausts available state remedies, unless the petitioner demonstrates (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. Only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Absent such exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court. Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court is not allowed. Federal habeas relief should not be used as a pretrial motion forum for state prisoners.

---

[7] And there is certainly no indication that Jones sought to challenge the revocation of his bond/bail via a petition for writ of habeas corpus filed in the Alabama Court of Criminal Appeals and then on to the Alabama Supreme Court.

*Robinson, supra,* at *2 (internal citations, quotation marks and brackets omitted). Nothing about Jones' allegations establish evidence of bad faith prosecution nor do his sparse allegations entitle him to review under the "irreparable injury" exception recognized in *Younger v. Harris,* 401 U.S. 37, 53-54, 91 S.Ct. 746, 755, 27 L.Ed.2d 669 (1971). *See id.* at *3. Finally, Petitioner has made no showing that he has no available state corrective process, nor does he present any argument warranting "federal court interference in the normal functioning" of Alabama's criminal processes. *Id*. As noted by the *Robinson* court, the state courts of Alabama offer "adequate and effective state procedures for review of [petitioner]'s constitutional claims either before trial or, in the event [petitioner] is convicted, through appellate and post-conviction proceedings." *Id*.

Because Jones has not established any reason for this Court to excuse him from the exhaustion requirement, his § 2241 petition is due to be dismissed without prejudice to afford him the opportunity to exhaust all available state court remedies before pursuing federal habeas corpus relief.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). State pretrial detainees, like Jones, "must obtain a COA to appeal the denial of a federal habeas petition filed pursuant to 28 U.S.C. § 2241." *Daker v. Warren,* 2012 WL 2403437, *8 (N.D. Ga. June 25, 2012) (citations omitted); *see also Hiteshaw v. Butterfield,* 262 Fed.Appx. 162, 163 (11th Cir. Jan. 10, 2008) ("Hiteshaw's detention arises out of a state court pre-trial detention order issued after the court found probable cause to believe that Hiteshaw was a sexually violent

predator under the Jimmy Ryce Act. Our reasoning in *Medberry* supports that Hiteshaw's detention arises out of process issued by a state court because the detention arose from a state court detention order[; thus, petitioner was required to obtain a COA to appeal.]");[8] *Sawyer v. Holder,* 326 F.3d 1363, 1364 n.3 (11th Cir.) ("[S]tate prisoners proceeding under § 2241 must obtain a COA to appeal."), *cert. denied,* 540 U.S. 900, 124 S.Ct. 258, 157 L.Ed.2d 181 (2003). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the Petitioner has not exhausted state remedies and has not established any reason for this Court to excuse him from

---

[8] There is simply no question but that Jones' detention arises out of process issued by an Alabama state court, despite his arguments to the contrary. Indeed, on no less than two occasions warrants issued for Jones' arrest, the first being issue after he was indicted on a charge of first-degree theft of property and the second being issued following the revocation of his signature bond.

exhaustion of those remedies, a reasonable jurist could not conclude either that this Court is in error in dismissing Jones' petition, without prejudice, for want of jurisdiction or that Jones should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Because a § 2241 petitioner must obtain a COA to appeal, the same as a § 2254 petitioner, the undersigned simply notes that Rule 11(a) of the Rules Governing § 2254 Cases provides for the following procedure: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Accordingly, if there is an objection to this recommendation by Jones, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted*, 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Laryie Earl Jones' habeas corpus petition, filed pursuant to 28 U.S.C. § 2241 (Doc. 7), be **DISMISSED** without prejudice to afford him an opportunity to exhaust all available state remedies. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 1st day of October, 2020.

                                             s/P. Bradley Murray
                                             **UNITED STATES MAGISTRATE JUDGE**